UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JULIA POPE,

       Plaintiff,                        Case No. 3:18-cv-388

vs.

COMMISSIONER OF SOCIAL SECURITY,     District Judge Walter H. Rice
                                           Magistrate Judge Michael J. Newman
       Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE TERMINATED ON THE DOCKET**

---

       This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 13), the Commissioner's memorandum in opposition (doc. 17), Plaintiff's reply (doc. 18), the administrative record (doc. 8),[2] and the record as a whole.

## I.

### A.      Procedural History

       Plaintiff filed for SSI on May 18, 2015 claiming disability as a result of a number of alleged impairments including, *inter alia*, diabetes mellitus, retinopathy with macular edema and pseudophakia, degenerative disc disease of the lumbar spine, osteoarthritis, a left ulnar radiculopathy, and obesity. PageID 59.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denial of her applications, Plaintiff received a hearing before ALJ Deborah Sanders on September 19, 2017.  PageID 74-105.  The ALJ issued a written decision on April 3, 2018 finding Plaintiff not disabled.  PageID 57-67.  Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs in that exist in significant numbers in the national economy that [Plaintiff] can perform[.]"  PageID 60-67.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 48-53.  *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.  Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 57-67), Plaintiff's Statement of Errors (PageID 1545-55), the Commissioner's memorandum in opposition (PageID 1562-72), and Plaintiff's reply (PageID 1573-75).  The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

**II.**

**A.  Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

(6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.    "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.  Has the claimant engaged in substantial gainful activity?;

2.  Does the claimant suffer from one or more severe impairments?;

3.  Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4.  Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5.  Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in: (1) evaluating medical evidence and source opinions of record; and (2) determining her RFC. PageID 1545-53.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue (including the opinions of treaters Harold Brown, M.D. and Martin Schear, M.D.; and record reviewers Diane Manos, M.D.; Leon Hughes, M.D.; and Steve McKee, M.D.); properly weighed opinion evidence based upon good reasons supported by substantial evidence; reasonably assessed Plaintiff's testimony and credibility; posed appropriate

hypothetical questions to the Vocational Expert ("VE"); accurately determined Plaintiff's RFC, and appropriately concluded at Step Five (and in reliance on the VE's sworn testimony), that Plaintiff can perform a significant number of jobs in the national economy. *See* PageID 57-67.

### A. Medical Evidence and Source Opinions

Plaintiff first argues the ALJ erred by failing to defer to the treating source opinion of Harold Brown, M.D. PageID 1550-53.

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[4]

Here, Dr. Brown opined Plaintiff "is unable to perform work of any kind as she is unable to stand, sit, lift, twist, climb, or bend due to chronic low back pain with sciatica bilaterally." PageID 590. However, Plaintiff's own testimony -- that she could sit for 30 minutes, stand for 15 minutes, and lift approximately 10 pounds -- contradicts Dr. Brown's opinion. PageID 87-88, 95. Additionally, the medical evidence of record conflicts with Dr. Brown's opinion as it includes

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id.*

numerous treatment notes indicating Plaintiff had a "normal [musculoskeletal] range of motion," and no sciatica related. PageID 486, 492, 506-7, 512-13, 518, 526, 533-34, 540, 550, 779, 785, 791, 799, 805, 811, 823, 829, 837, 867, 939, 947, 1320, 1338, 1346, 1366, 1445, 1456, 1468, 1471, 1478, 1490, 1499, 1505. Thus, the ALJ's analysis -- affording Dr. Brown's opinion "little weight" -- was supported by substantial evidence. *See Eddy v. Comm'r of Soc. Sec.*, 506 F. App'x 508, 509 (6th Cir. 2012) (upholding the ALJ's analysis affording the treater's opinion little weight as it was "not adequately explained or supported by [claimant's] treatment records") (internal quotations omitted).

Next, Plaintiff argues the ALJ erred by declining to accord great weight to the non-treating medical source opinions. PageID 1550-53. Plaintiff's argument in this regard is unsupported as the ALJ evaluated each medical source opinion in accordance with the regulations. PageID 60-67; *see* 20 C.F.R. §§ 416.927(c)(1)-(6).

## B. RFC Evaluation

Further, Plaintiff argues the ALJ erred in determining her RFC. PageID 1550-53. In so doing, the ALJ must consider the statements by medical sources, observations about Plaintiff's impairments and limitations from Plaintiff and others, and the limitations caused by all impairments, even those which are not severe. *Kornecky v. Comm'r Soc. Sec.*, 167 F. App'x 496, 499 (6th Cir. 2006). Again, Plaintiff's argument is unsupported as the ALJ considered and incorporated the medical source opinions, Plaintiff's own testimony, and limitations caused by all of Plaintiff's impairments -- including those which were not severe -- in reasonably determining Plaintiff's RFC. *See* PageID 57-67.

## IV.

**IT IS THEREFORE RECOMMENDED THAT**: (1) the Commissioner's non-disability finding be found supported by substantial evidence and **AFFIRMED**; and (2) this case be **TERMINATED ON THE DOCKET**.


Date:  1/31/2020                      /s/Michael J. Newman
                                      Michael J. Newman
                                      United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).