IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIA POPE, :

        Plaintiff, : Case No. 3:18-cv-388

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

        Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #19); OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #20); AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

Plaintiff Julia Pope has brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. The Court presumes the parties' familiarity with the relevant facts and procedural history. The Administrative Law Judge ("ALJ") concluded that Plaintiff has the residual functional capacity ("RFC") to perform a reduced range of light work for up to six hours in an eight-hour day, with an option to change position every 30 minutes for up to 5 minutes at a time. Doc. #8-2, PageID##57-67.

On January 31, 2020, United States Magistrate Judge Michael J. Newman filed a Report and Recommendations (Doc. #19), recommending that the Commissioner's decision, that Plaintiff was not disabled and therefore not entitled to benefits under the Social Security Act, be affirmed. In reviewing the Commissioner's decision, the Court's task is to determine whether the ALJ used the correct legal criteria and whether the non-disability finding is supported by "substantial evidence." 42 U.S.C. § 405(g); *Bowen v Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

Under 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the Report and Recommendations to which proper objections are made. The Court must re-examine all the relevant evidence previously reviewed by the Magistrate Judge to determine whether the Commissioner's findings are supported by substantial evidence. *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). In making this determination, "we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)).

The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Court "may not try the

case *de novo* nor resolve conflicts in evidence nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

"The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #19, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Record (Doc. #8), and the applicable law, this Court ADOPTS the Report and Recommendations in their entirety, and AFFIRMS the decision of the Defendant Commissioner. Magistrate Judge Newman properly concluded that the Commissioner's decision that Plaintiff is not disabled was supported by substantial evidence. Plaintiff's Objections to the Report and Recommendations, Doc. #20, are OVERRULED.

Plaintiff first challenges the Magistrate Judge's conclusion that the ALJ did not err in giving little weight to the opinion of Plaintiff's treating physician, Dr.

3

Harold Brown. Dr. Brown concluded that Plaintiff is "unable to perform work of any kind as she is unable to stand, sit, lift, twist, climb or bend due to chronic low back pain with sciatica bilaterally." Doc. #8-7, PageID#590. Plaintiff maintains that Dr. Brown's opinion is supported by multiple treatment notes documenting decreased range of motion of the lumbar spine.

As Magistrate Judge Newman noted, however, the ALJ adequately explained that she did not give Dr. Brown's opinion controlling weight because it is inconsistent with other substantial evidence in the case record, including opinion evidence of Dr. Manos, Dr. Hughes, and Dr. Danopulos. Moreover, she did not give Dr. Brown's opinion great deference because it is not supported by objective imaging and diagnostic testing of record or by the level of treatment provided to Plaintiff. It is also inconsistent with Plaintiff's own testimony and with objective physical examinations conducted by Dr. Brown and Dr. Schear. Doc. #8-2, PageID##64-65. Accordingly, the Court agrees with Magistrate Judge Newman that the ALJ's determination concerning the proper weight to be given to Dr. Brown's opinion was supported by substantial evidence.

Plaintiff also challenges the ALJ's RFC determination. Although Plaintiff testified that she can stand and walk for limited periods of time, she argues that the ALJ's RFC determination that she was capable of doing this for up to six hours per day if she has the option of changing positions every 30 minutes for up to 5 minutes at a time, is unreasonable and unsupported by substantial evidence. In

4

support, she cites only to physical therapy notes from June of 2017, listing her "primary functional limitation" as "difficulty with prolonged walking and standing," and setting a goal of being able to "stand and walk for 30 minutes at a time in order to complete house chores." Doc. #8-10, PageID#1538.

The ALJ concluded that, even though Plaintiff's medically-determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with the overall objective evidence of record, including medical evidence and opinion evidence. Doc. #8-2, PageID#61. The ALJ also noted that records showed that Plaintiff had poor attendance at physical therapy and had not performed her prescribed exercises at home. *Id.* at PageID#62. She concluded that Plaintiff's impairments, "viewed in a light most favorable to the claimant when compared to the objective evidence, were further accounted for by allowing the claimant to change positions." *Id.* at PageID#65. Based on the foregoing, the Court finds that the ALJ's RFC determination was supported by substantial evidence.

For the reasons set forth above, the Court AFFIRMS the Commissioner's non-disability finding.

Judgment shall be entered in favor of the Defendant Commissioner and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 12, 2020

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT